**Keith M. KEARNEY, as custodian for John Hunter Kearney and Baker Kearney, individually and derivatively on behalf of Perrigo Company, Plaintiff,**

v.

**Michael J. JANDERNOA, Lonnie L. Smith, Richard G. Hansen, M. James Gunberg, Steven N. Hutchinson, Robert P. Lasner, Mark Olesnavage, F. Folsom Bell, Henry L. Hillman, Juliet Challenger, Inc., C.G. Grefenstette, William C.**

**Swaney, Ralph E. Klingenmeyer, J.P. Morgan Securities, Inc., Morgan Stanley & Co., Inc., Morgan Stanley International, Smith Barney Shearson Inc., Dean Witter Reynolds, Inc., and Dean Witter International Ltd., Defendants.**

No. 1:95–CV–823.

United States District Court,
W.D. Michigan,
Southern Division.

Sept. 29, 1997.

John E. Anding, Drew, Cooper & Anding, Grand Rapids, MI, Steven E. Cauley, Steven E. Cauley, PA, Little Rock, AR, Milton Clay Ragsdale, M. Clay Ragsdale Law Offices, Birmingham, AL, for Plaintiffs.

Ellen S. Carmody, Law, Weathers & Richardson, Grand Rapids, MI, Peter J. Meyer, Gardner, Carton & Douglas, Chicago, IL, for Defendants Michael J. Jandernoa, Lonnie L. Smith, Richard G. Hansen, M. James Gunberg, Steven N. Hutchinson, Robert P. Lasner, Mark Olesnavage, F. Folsom Bell, William C. Swaney, Ralph E. Klingenmeyer, Perrigo Co.

Gregory G. Timmer, Bruce W. Neckers, Rhoades, McKee, Boer, Goodrich, et al., Grand Rapids, MI, Michael B. Reuben, Gordon, Altman, Butowsky, Weitzen, et al., New York, NY, for Defendants Henry L. Hillman, C.G. Grefenstette.

William K. Holmes, Warner, Norcross & Judd, LLP, Grand Rapids, MI, Dennis E. Glazer, Davis, Polk & Wardwell, New York, NY, for Defendants J.P. Morgan Securities, Ltd., Morgan Stanley & Co., Inc., Morgan Stanley Intern., Smith Barney Shearson, Inc., Dean Witter Reynolds, Inc., Dean Witter Intern., Ltd.

Bruce W. Neckers, Rhoades, McKee, Boer, Goodrich, et al., Grand Rapids, MI, for Juliet Challenger, Inc.

## OPINION

QUIST, District Judge.

This case is a shareholder's derivative action against officers, directors, and shareholders of Perrigo Company ("Perrigo"), and against certain underwriters involved in the October 1993 secondary offering of 13,000,000 shares of Perrigo stock. Plaintiff, Keith M. Kearney, brings this shareholder's deriva-

tive suit on behalf of Perrigo alleging in his amended verified derivative complaint intentional and negligent breach of duties in connection with the October 1993 secondary public offering. Plaintiff further alleges that the underwriting agreement entered into by the underwriters, Perrigo, and the selling shareholders ("Underwriting Agreement"), in connection with the October 1993 secondary public offering, is void as against public policy.

The facts upon which this Opinion are based are further set forth in this Court's Opinion of February 21, 1997, 957 F.Supp. 116.

### 1. *The Motion to Dismiss Brought By Henry L. Hillman, C.G. Grefenstette, and Juliet Challenger, Inc.*

On February 21, 1997, this Court entered an Opinion and Order dismissing Plaintiff's verified derivative complaint against Defendants Henry L. Hillman and C.G. Grefenstette for failure to allege facts indicating that Hillman and Grefenstette were controlling shareholders of Perrigo with corresponding fiduciary duties. The Court, however, allowed Plaintiff leave to amend his complaint after Plaintiff claimed he could allege facts sufficient to show that Hillman and Grefenstette had a substantial interest in the October 1993 offering, were the principal driving forces behind the offering, and chose the underwriters involved in the offering.

Plaintiff filed a first amended verified derivative complaint on March 14, 1997, again naming Hillman and Grefenstette as defendants, and adding Juliet Challenger, Inc. as a defendant (hereinafter collectively referred to as the "Hillman Defendants").

Now before this Court is a motion to dismiss the first amended verified derivative complaint brought by the Hillman Defendants, in which they assert that Plaintiff's amended complaint again fails to allege facts sufficient to show that the Hillman Defendants were controlling shareholders of Perrigo. The parties have submitted evidence of, and this Court has considered, facts outside of the pleadings. Plaintiff has had all reasonable opportunity to present all material pertinent to the Hillman Defendants' Motion.

Therefore, the Court will treat this motion as one for summary judgment. Fed.R.Civ.P. 12(b)(6).

### a. Legal Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. The rule requires that the disputed facts be material. Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute over trivial facts which are not necessary in order to apply the substantive law does not prevent the granting of a motion for summary judgment. *Id.* at 248, 106 S.Ct. at 2510. The rule also requires the dispute to be genuine. A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.* This standard requires the non-moving party to present more than a scintilla of evidence to defeat the motion. *Id.* at 251, 106 S.Ct. at 2511 (citing *Schuylkill and Dauphin Improvement Co. v. Munson,* 14 Wall. 442, 448, 20 L.Ed. 867 (1871)). The summary judgment standard mirrors the standard for a directed verdict. *Id.* at 250, 106 S.Ct. at 2511. The only difference between the two is procedural. *Id.* Summary judgment is made based on documentary evidence before trial, and directed verdict is made based on evidence submitted at trial. *Id.*

A moving party who does not have the burden of proof at trial may properly support a motion for summary judgment by showing the court that there is no evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). If the motion is so supported, the party opposing the motion must then demonstrate with "concrete evidence" that there is a genuine issue of material fact for trial. *Id.; Frank v. D'Ambrosi,* 4 F.3d 1378, 1384 (6th Cir.1993). The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-

moving party." *Agristor Financial Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (quoting *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

### b. Controlling Shareholder Status of the Hillman Defendants

■ Plaintiff claims that the Hillman Defendants breached their fiduciary duties as controlling shareholders of Perrigo. A controlling shareholder of a corporation is a fiduciary. *Pepper v. Litton*, 308 U.S. 295, 306, 60 S.Ct. 238, 245, 84 L.Ed. 281 (1939). If a minority shareholder exercises actual domination and control over the corporation's business affairs, then the minority shareholder is deemed to be a controlling shareholder, and held to a fiduciary standard. *Maggiore v. Bradford*, 310 F.2d 519, 521 (6th Cir.1962); *Priddy v. Edelman*, 679 F.Supp. 1425, 1430 (E.D.Mich.1988), *aff'd*, 883 F.2d 438 (6th Cir. 1989). *See also Lewis v. Knutson*, 699 F.2d 230, 235 (5th Cir.1983) (imposing a fiduciary duty if a minority shareholder exercises actual control and direction over corporate management); *Fry v. Trump*, 681 F.Supp. 252, 256 (D.N.J.1988) (holding that fiduciary relationship exists if there is actual exercise of direction over corporate conduct).

■ In order to establish that a shareholder is a controlling shareholder, "[t]here must be coupled with the allegation of control such facts as would demonstrate that through personal or other relationships the directors are beholden to the controlling person." *Aronson v. Lewis*, 473 A.2d 805, 815 (Del.1984). *See also Brandt v. Hicks, Muse & Co. [In re Healthco Int'l, Inc.]*, 203 B.R. 515, 519–20 (Bankr.D.Mass.1996) (finding that a 9.9% shareholder was not a controlling shareholder by analyzing the influence of the shareholder over a majority of the board of directors); *Luper v. Banner Indus. Inc. [In re Lee Way Holding Co.]*, 105 B.R. 404, 413 (Bankr.S.D.Ohio 1989) (noting that a shareholder is able to determine corporate policy by assuming management responsibility or by selecting management personnel); *In re Tri–Star Pictures, Inc. Litig.*, 634 A.2d 319, 328–29 (Del.1993) (holding that a 39.8% shareholder was a controlling shareholder

where the shareholder had voting agreements with other minority shareholders which allowed the parties to elect eight of the ten board members).

■ Plaintiff asserts in his amended complaint, and has submitted evidence, that the Hillman Defendants needed liquidity, wanted to sell their shares in Perrigo, and wanted the most beneficial option. Shareholders, however, unless they are majority or controlling shareholders, owe no fiduciary duty towards other shareholders. *Priddy v. Edelman*, 883 F.2d 438, 445 (6th Cir.1989) (citing *Gilbert v. El Paso Co.*, 490 A.2d 1050, 1055 (Del.Ch.1984)). Therefore, the bare facts that the Hillman Defendants needed liquidity, wanted to sell their shares in Perrigo, and wanted the most beneficial option are insufficient to show duty or breach thereof.

■ In Plaintiff's amended complaint, Plaintiff does allege that Michael Jandernoa, the Chief Executive Officer of Perrigo, and Hillman "hand-picked virtually every member of the current Board of Directors." (Pl.'s Am. Compl. ¶ 59(j).) This statement, however, is vague, conclusory, and unsupported by any factual assertions or evidence. Even under a Federal Rule of Civil Procedure 12(b)(6) standard of dismissal, such conclusory allegations are not enough to sustain a claim against the Hillman Defendants. *See LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1104 (6th Cir.1995) (noting that conclusory allegations need not be taken as true); *see also Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 792 (7th Cir.1996) (finding an accusation of intentional concealment as resting on "thin air").

In fact, Plaintiff has made no allegation and provided no evidence that the Hillman Defendants pressured or coerced the board of directors or underwriters into conducting the offering. *Compare Kahn v. Lynch Communication Sys., Inc.*, 638 A.2d 1110, 1114–15 (Del.1994) (finding actual control on the part of a 44% shareholder where evidence showed that the shareholder disagreed with the management and independent directors on several important issues but that when the shareholder "made its position clear, and reminded the other directors of its significant

stockholdings," the shareholder prevailed, thereby exercising actual control by dominating corporate affairs).

Plaintiff stated, and submitted evidence, that J.P. Morgan, the lead underwriter, and Jandernoa approached Hillman prior to going forward with the October 1993 secondary public offering. This fact indicates that the underwriters and directors were well into the planning of the October 1993 offering before they contacted Hillman. In other words, the allegations and evidence do not indicate that Hillman approached the underwriters or directors; rather, it was they who approached him. *See In re Sea–Land Corp. Shareholders Litig.*, No. 8453, 1987 WL 11283, at *5 (Del.Ch.1987) (finding that the directors had agreed to a "lock up option" price before the shareholder was approached and to hold that the shareholder was a controlling shareholder would bestow involuntarily on the shareholder the mantle of a fiduciary).

Finally, the material that Plaintiff submitted after this Court heard oral argument on the Hillman Defendants' motion does not support Plaintiff's claim. First, even assuming that the Hillman Defendants were the ones who forced Lasner off the board, Plaintiff has not shown that the Hillman Defendants had enough influence over board selections to choose Lasner's replacement. In fact, the Hillman Defendants' replacement of choice, Johnston, was not selected. Thus, no reasonable inference can be drawn that the Hillman Defendants had enough control over board selection to determine corporate policy.

Second, even assuming that Lasner and Hutchinson were board representatives of the Hillman Defendants, they comprised only two of seven board members. The only support for an inference that Defendants controlled any of the other five directors is that the Hillman Defendants brought in Jandernoa, Swaney, and Klingenmeyer after the leveraged buyout in 1988, more than five years before the transaction at issue. However, Plaintiff's inference also depends on a showing that the Hillman Defendants had actual control over board selections in 1993. They had no such control. Thus, no reason-

able inference in favor of Plaintiff can be drawn from this fact.

Third, even assuming that the Hillman Defendants approached the board through its representative, Hutchinson, before the board approached the Hillman Defendants, the undisputed facts show that the board was already considering the transaction at issue for a variety of independent reasons. The facts do not show that the Hillman Defendants had enough influence to convince the board to go forward despite board misgivings. The degree of influence required for a finding of controlling shareholder status must go beyond the mere coinciding of interests and ideas. Moreover, the fact that the Hillman Defendants' interests were discussed at the April board meeting, along with the interests of other shareholders, supports no inference at all regarding control.

Fourth, even assuming that the Hillman Defendants expressed approval of J.P. Morgan and disapproval of Morgan Stanley as lead underwriter with regard to the transaction at issue, the fact that both underwriters were ultimately involved in the transaction destroys any inference that Defendants controlled the board's selection of underwriters. The board selected underwriters of its choice.

This Court finds that, drawing all reasonable inferences in favor of Plaintiff, a reasonable jury could not conclude that the Hillman Defendants were controlling shareholders of Perrigo. Therefore, summary judgment as to Plaintiff's First and Second Causes of Action alleging intentional and negligent breach of fiduciary duties will be granted in favor of the Hillman Defendants.

## 2. *The Motion to Dismiss Brought By the Underwriter Defendants*

Also before this Court is a motion to dismiss brought by underwriters J.P. Morgan Securities, Ltd., J.P. Morgan Securities, Inc., Morgan Stanley & Co., Inc., Morgan Stanley International, Smith Barney Shearson Inc., Dean Witter Reynolds, Inc., and Dean Witter International Ltd. ("Underwriter Defendants"). The Underwriter Defendants assert that Plaintiff's claim that the Underwriter Defendants breached a duty they owed to-

ward Perrigo and its shareholders is based on a legally insupportable theory and must be dismissed.

### a. Legal Standard

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The moving party has the burden of proving that no claim exists. Although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions of legal conclusions. *Allard v. Weitzman [In re DeLorean Motor Co.]*, 991 F.2d 1236, 1240 (6th Cir.1993). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. 2A James W. Moore, *Moore's Federal Practice*, ¶ 12.07[2.5] (2d ed.1991). The Court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

Dismissal is also proper if the complaint fails to allege an element necessary for relief or "if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as the official immunity of the defendant...." 2A James W. Moore, *Moore's Federal Practice*, ¶ 12.07[2.5] (2d ed.1991).

> In practice, "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory."

*Allard*, 991 F.2d at 1240 (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)).

### b. Breach of Duty by the Underwriter Defendants

Plaintiff contends that the Underwriter Defendants breached duties that they owed to Plaintiff. Plaintiff concedes that the Underwriter Defendants did not owe a fidu-

ciary duty to Plaintiff, but claims that the Underwriter Defendants owed Perrigo duties as professional advisors. Plaintiff claims that the Underwriter Defendants breached their duties as professional advisors by "participating in the dissemination of the false and misleading statements alleged in the Class Action, and causing Perrigo to execute the Indemnification and Contribution Agreement, all in violation of duties owed by the Underwriter Defendants to Perrigo, as professional advisors." (Pl.'s Am. Compl. ¶ 90.) Plaintiff, however, conceded at oral arguments that he had no legal authority as to what "duty" the Underwriter Defendants owed Perrigo or its shareholders. Furthermore, even if Plaintiff had legal support for his theory, his allegations sound in fraud and must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b). For these reasons, Plaintiff's First and Second Causes of Actions alleging intentional and negligent breach of duties against the Underwriter Defendants will be dismissed.

### 3. *Leave To Amend*

Plaintiff seeks leave to amend his complaint once again. Plaintiff argues that he has an unexercised amendment of right under Federal Rule of Civil Procedure 15 because the Hillman Defendants have yet to file an answer and Plaintiff's first amendment was by leave of court. Even where a first amendment of a complaint is not voluntary, any further amendment must be by leave of court. *Elliott v. Foufas*, 867 F.2d 877, 882–83 (5th Cir.1989). Furthermore, this Court has looked at those items which Plaintiff believes are sufficient to keep him in Court. Even though leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), leave should not be given if such an amendment would be useless. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). This Court finds that such an amendment would be useless in this case because the proposed amendment would not allege anything that this Court did not consider in rendering this Opinion. Thus, justice requires that Plaintiffs not be allowed to amend.

### 4. *The Underwriting Agreement*

In its February 21, 1997, Opinion, 957 F.Supp. 116, this Court held that Plaintiff did not plead sufficient facts to establish that the Underwriting Agreement is void as against public policy. The Court, however, allowed Plaintiff to amend his complaint to include factual allegations that would support this claim. Both the Hillman Defendants and the Underwriter Defendants have moved to dismiss this claim.

As this Court has already noted, and notes again, Plaintiff's allegations sound in fraud and must be stated with particularity pursuant to Federal Rule of Civil Procedure 9(b). Plaintiff, again, has failed to do so. The crux of Plaintiff's argument is that "this agreement must be analyzed in context, according to how it is being applied, against whom it is being applied, and for whose benefit it is being applied." (Pl.'s Opp'n Def.'s Mot. Dismiss at 12.) Plaintiff has simply repled the same claim as in its original complaint.[1] Therefore, Plaintiff's Third Cause of Action that the Underwriting Agreement is void as against public policy will be dismissed.

### *Conclusion*

For the foregoing reasons, the Hillman Defendants' motion for summary judgment will be granted, and Plaintiff will be denied leave to amend. The Underwriter Defendants' motion to dismiss will be granted as to Plaintiff's claims of intentional and negligent breach of duties, and Plaintiff will be denied leave to amend. Furthermore, the Hillman Defendants' and the Underwriter Defendants' motions to dismiss Plaintiff's claim that the Underwriting Agreement is void as against public policy will be granted.

---

**1.** At oral argument, Plaintiff admired that he repled this claim to preserve it in the event the Court would need to declare Perrigo's rights under the Underwriting Agreement. Essentially, Plaintiff is asserting a breach of contract claim that is not yet ripe.